IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 07-cv-01335-REB-KMT

KIRSTEN BACA,

    Plaintiff,

v.

TOTAL TERRAIN INCORPORATED, a Colorado corporation, and
AL WALKER,

    Defendants.

## ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before me is **Defendants' Partial Motion for Summary Judgment** [#9], filed July 25, 2007. I deny the motion without prejudice.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

### II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586,

106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A movant who will bear the burden of proof at trial must submit evidence to establish every essential element of its claim. *See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).

### III. ANALYSIS

Plaintiff was formerly employed as a secretary by defendant, Total Terrain Incorporated ("Total Terrain"), a landscape contractor based in Pueblo, Colorado. She claims that defendant Al Walker, a field superintendent for Total Terrain sexually harassed her throughout her employment and that her complaints to Total Terrain's ownership went unanswered. Plaintiff alleges that as a result of Walker's severe and pervasive harassment, she was constructively discharged effective August 30, 2006. She has asserted claims for sexual harassment and constructive discharge under Title

2

VII against Total Terrain, as well as state law tort claims against Walker for outrageous conduct and intentional interference with contractual relations.

Defendants have moved to dismiss plaintiff's sexual harassment and constructive discharge claims on the ground that Total Terrain is not an "employer" as that term is defined by Title VII. Under Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . ." 42 U.S.C. § 2000e(b). Total Terrain maintains that it never had more than 14 employees at any point during plaintiff's tenure with the company. Because employer status is an element of plaintiff's claim for relief under Title VII, it is her burden to establish that Total Terrain met the statutory definition. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516, 126 S.Ct. 1235, 1245, 163 L.Ed.2d 1097 (2006).

An "employee" for purposes of Title VII is "an individual employed by an employer." *Id.* § 2000e(f). The United States Supreme Court has interpreted this section such that, "on any particular day, all of the individuals with whom an employer has an employment relationship are 'employees' of that employer." *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 206, 117 S.Ct. 660, 663, 136 L.Ed.2d 644 (1997). The primary method for making that determination is the "payroll method," that is, whether the individual in question appears on the employer's payroll. *Id.*, 117 S.Ct. at 666. Nevertheless, and contrary to the apparent assumption of defendants' motion, the payroll method is not the exclusive method and is not dispositive *per se* of the employer's status. Instead, the touchstone remains the

3

existence of an employment relationship *vel non*.  **See id.**

Plaintiff does not contest defendants' assertion that Total Terrain's never had more than 14 employees on its payroll in any single week during the relevant time period, and the evidence submitted by defendants supports that assertion.  (**See** Def. Reply Br. App., Exhs. 1 & 2.)  Nevertheless, she claims that genuine issues of material fact exist as to whether Total Terrain had employment relationships with other employees whose names do not appear on the payroll, such as temporary workers, students, seasonal workers, and part-time employees.  She identifies by name eight individuals whom she claims had employment relationships with Total Terrain.  She asserts also that the company employed an unknown number of seasonal workers.  She maintains that the record still bears development as to whether these individuals or others like them were employees within the meaning of Title VII.

Although plaintiff's Rule 56(f) request is not properly presented, **see** **D.C.COLO.LCivR** 7.1C ("A motion shall not be included in a response or reply to the original motion."), I nevertheless believe that an opportunity for discovery is warranted in this case.  Although brought under Rule 56, defendants' summary judgment motion was filed within a month of removal to this court.  At the time, the Rule 26(f) conference had not yet been convened,[1] and no discovery had been undertaken.  Although defendants have submitted ample proof of their payroll records during the relevant time period, these documents are only the starting point of the calculus.  Plaintiff should be

---

[1] Iit has since occurred.  (**See** Scheduling Order ¶ 5(a) at 6 [#19], filed October 2, 2007 (representing that the Rule 26 conference was held on September 11 and 14, 2007).)

afforded a reasonable opportunity to test the averments of fact set forth in the affidavits submitted by defendants concerning Total Terrain's employment relationships with the various individuals identified by plaintiff as not shown on the corporate payroll, as well as any others who may be relevant to determining whether Total Terrain met the statutory definition. Moreover, the dispositive motion deadline in this case has not yet expired, and discovery is set to close on April 1, 2008. Defendants will not be unduly prejudiced by waiting until discovery has closed, when the issue can be resolved based on a full record.[2] Accordingly, I will deny their motion, but without prejudice to refiling at a later date.

**THEREFORE, IT IS ORDERED** that **Defendants' Partial Motion for Summary Judgment** [#9], filed July 25, 2007, is **DENIED WITHOUT PREJUDICE**.

Dated January 15, 2008, at Denver, Colorado.

                                                    **BY THE COURT:**

                                                    **s/ Robert E. Blackburn**
                                                    **Robert E. Blackburn**
                                                    **United States District Judge**

---

[2] Although my Civil Practice Standards do not permit a party more than 20 pages for all summary judgment briefing in a case, *see* REB Civ. Practice Standard V.I.4.a., a motion to waive or exceed this limitation within reason would be looked on favorably in the unique circumstances of this case.